UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. PEACOCK,

                    Plaintiff,

vs.                              Case No.  2:12-cv-63-FtM-29DNF

KENNETH S. TUCKER, J. TATE, NICOLAS
O. CABREO-MUNIZ, and D. STRODAHL,
R.N.,

                    Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court upon Defendant Tucker's
Motion to Dismiss (Doc. #32, Tucker Motion) filed December 10,
2012, and Defendants Cabrero-Muniz, Strohahl and Tate's Motion to
Dismiss (Doc. #41, Cabrero Motion) filed February 1, 2013.
Plaintiff filed a response in opposition to the Motions (Doc. #42,
Response).  This matter is ripe for review.

**I.**

     Plaintiff, who is incarcerated within the Florida Department
of Corrections, initiated this action by delivering a *pro se* civil
rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1,
Complaint) to correctional officials for mailing on February 1,
2012.[1]  The Complaint alleges Eighth Amendment claims against

_____

     [1]Although received and filed by the Court on February 6, 2012,
pursuant to the "mailbox rule" the Court deems the Complaint filed
when delivered to correctional officials for mailing.  See Garvey
v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993)(extending the holding
of Houston v. Lack, 487 U.S. 266 (1988) to *pro se* prisoners filing
(continued...)

Defendants Cabreo-Muniz, Tucker and Tate and pendent state law claims for negligence against Defendant Strodahl in connection with the medical care rendered to Plaintiff at DeSoto Correctional Institution. Complaint at 6-7. More specifically, Plaintiff avers that Defendants were deliberately indifferent and negligent in not providing him with adequate and proper medical care for his fractured finger. Id. Defendants seek dismissal of Plaintiff's Complaint on the basis that: (1) Plaintiff "deceptively stated that he had no prior litigation relating to imprisonment or to the conditions thereof" and abused the judicial process; and (2) the Complaint fails to state an Eighth Amendment claim upon which relief can be granted. Tucker Motion at 3, 7; Cabreo Motion at 4, 8. This matter is ripe for review.

**II.**

**A. Abuse of Judicial Process**

Defendants seek dismissal of the Complaint on the basis that Plaintiff abused the judicial process by failing to identify the following actions in his Complaint, which he had filed prior to filing the instant Complaint: James Peacock v. Ragans, Case No. 0:91-cv-07080-NCR, Southern District of Florida, filed on December 16, 1991; and James Peacock v. Broward County, Case No. 0:91-cv-07081-JWK, Southern District of Florida, filed on December

---

[1](...continued)
section 1983 complaints). As noted *infra*, Plaintiff signed his Complaint on January 25, 2012.

10, 1991. Additionally, Defendants point out that <u>Peacock v. Broward County</u> was dismissed prior to service, another of the disclosure requirements of the Civil Rights Complaint form. Plaintiff denies that he previously filed either case. Reply at 3.

"A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." <u>Attwood v. Singletary</u>, 105 F.3d 610, 613 (11th Cir. 1997)(citations omitted). Additionally, the Court may impose sanctions, including dismissal of an action, "if a party knowingly files a pleading that contains false contentions." <u>Redmond v. Lake County Sheriff's Office</u>, 414 F. App'x 221, 225 (11th Cir. 2011)(citing Fed. R. Civ. P. 11(c)); <u>see also</u> <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998)(abrogated on other grounds by <u>Jones v. Bock</u>, 549 U.S. 199 (2007))(affirming dismissal of action where litigant lied under penalty of perjury about the existence of other lawsuit as abuse of judicial process, finding that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of judicial process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g)."). <u>See also</u> <u>Hood v. Tomkins</u>, 197 F. App'x 818, 819 (11th Cir. 2006)(affirming dismissal without prejudice by district court as Rule 11 sanction for plaintiff's failure to disclose litigation history).

Here, Plaintiff disputes that he filed either action or made any misrepresentations in his Complaint. Initially, the Court notes that Defendants do not submit any documentation that the "James Peacock" who filed the two previous actions is the Plaintiff. The Court takes judicial notice that, according to the Florida Department of Corrections' Inmate Population Information Detail, Plaintiff was not incarcerated in the State of Florida in 1991, the year both of these actions were filed. See Http://www.dc.state.fl.us/activeinmates/detail(indicating the dates of Plaintiff's incarceration as 02/15/94-08/02/94; 10/19/95-11/-1/96; 05/01/97-05/15/98; and, 08/15/02-present). Further, although Plaintiff was apparently arrested on December 18, 1991, his arrest was in Hillsborough County, which is within the venue of the Middle District, not the Southern District. See id.

The Court does not find that Plaintiff made any false statements concerning his prior litigation history in his Complaint. Consequently, the Court denies Defendant Tucker and Cabreo's Motions to the extent they seek dismissal of the Complaint due to Plaintiff's abuse of the judicial process.

**B. Failure to State a Claim**

Defendants contend that the Complaint fails to state an Eighth Amendment Claim for deliberate indifference to his serious medical

condition.  Defendants seek dismissal of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and (ii).[2]

**(1) Stricken Documents**

At the outset, both Defendants Tucker and Cabrero's Motions refer the Court to the exhibits previously filed by Plaintiff and stricken by the Court.  <u>See</u> Tucker Motion at Cabrero Motion at 1.  In support, Defendants refer the Court to various caselaw.  <u>See</u> <u>generally</u> <u>id.</u>  Without belaboring the point, the Court finds that the caselaw proffered by Defendants is not relevant to the issue before the Court: whether the Court may consider documents not attached to the complaint at the motion to dismiss stage.[3]

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002).  The Court must limit its consideration

_____

[2]Defendants seek dismissal under § 1915(e) which applies the same standard as Federal Rule 12(b)(6).  In considering a motion to dismiss, the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff.  <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010).  In order to survive a motion to dismiss a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is "facially plausible" when it is supported with facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

[3]The documents in the cases cited to by Defendants were considered by the courts at the summary judgment stage of the proceedings.

to well-pleaded factual allegations, documents attached to the complaint or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); see also Fed. R. Civ. P. 10(c); Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985); Shibata v. Lim, 133 F. Supp. 2d 1311, 1315 (M.D. Fla. 2000). A court also may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claim and undisputed in terms of authenticity. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

The Court has reviewed the documents previously stricken and finds the documents are referred to in the Complaint and are otherwise central to Plaintiff's claims. Further, the Court finds the comment by the Court in Malin v. IVAX Corp., relevant in the instant action:

> [Because] the reasoning behind converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment is to require that the nonmovant receive notice of the movant's submissions in order to address their relevance, . . . . where those submissions are publicly filed, and indeed where the plaintiff has relied on them in framing the complaint, the necessity of notice is largely dissipated.

Malin, 17 F. Supp. 2d 1345, 1351 (S.D. Fla. 1998). Here, the subject exhibits were originally submitted by Plaintiff in support of the factual allegations in his Complaint. The exhibits include copies of the grievances Plaintiff submitted in connection with his

claim and the Department of Corrections' responses thereto, as well as his inmate medical records.  The Court notes that, prior to the Supreme Court's ruling in <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007), plaintiff-prisoners were required to affirmatively plead exhaustion and the complaint form used in this Court required prisoners to attach documents to their complaints to demonstrate that they had exhausted their administrative remedies.  Further, neither party objects to the authenticity of these documents.  Consequently, the Court will consider these previously filed exhibits and deem the exhibits incorporated by reference in Defendants' Motions.

**(2)  General Legal Principles**

Plaintiff files this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. <u>Marsh</u>, 268 F.3d at 1059; <u>Swint v. City of Wadley</u>, 51 F.3d 988 (11th Cir.

1995); <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

In the prison context, "[t]he Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." <u>Thomas v. Bryant</u>, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted).  In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  This showing requires a plaintiff to satisfy both an objective and a subjective inquiry. <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)(citing <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11th Cir. 2000)).

A plaintiff must first show that he had an "objectively serious medical need."  <u>Id.</u>  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  <u>Id.</u> (citations omitted).  "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm."  <u>Id.</u>  Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both a: (1) subjective knowledge of a risk of serious harm (<u>i.e.</u>, both awareness of facts from which the inference could be

drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). The "deliberate indifference" standard may be met in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. See, e.g., Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

"Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007)(quoting Farmer v. Brennan, 511 U.S. 825, 842 (1994)). However, "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008)(citations omitted). "A difference in medical opinion does not constitute deliberate indifference so long as the treatment is minimally adequate." Whitehead v. Burnside, 403 F. App'x 401, 403

(11th Cir. 2010)(citing Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991)).  A doctor's decision about the type of medicine that should be prescribed is generally "a medical judgment" that is "an inappropriate basis for imposing liability under section 1983." Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)(stating that "[m]ere medical malpractice, however, does not constitute deliberate indifference.  Nor does a simple difference in medical opinion.").  However, a claim that an inmate received medical care that was "so cursory as to amount to no treatment at all" does state an Eighth Amendment claim. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)(internal quotations omitted).  Further, "[a] complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)(citations omitted).

When a prison official eventually provides medical care, the prison official's act of delaying the medical care for a serious medical need may constitute an act of deliberate indifference.  See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Harris v. Coweta County, 21 F.3d 388, 393-394 (11th Cir. 1994); Brown v. Hughes, 894 F.2d 1533, 1537-39 (11th Cir. 1990).  In determining whether the length of the delay violates the constitution, relevant factors for the Court to consider include the nature of the medical need and the reason for the delay.  McElligott, 182 F.3d at 1255.

-10-

The Court should consider whether the delay in providing treatment worsened the plaintiff's medical condition, and as such "[a]n inmate who complains that delay in medical treatment [rises] to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay." Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds, Hope v. Pelzar, 536 U.S. 730 (2002).

**(3) Complaint Allegations**

According to the Complaint, on November 17, 2011, Plaintiff was injured after falling on a wet floor and sought medical attention. Complaint at 3. That same day, Plaintiff was seen by Defendant D. Strodahl, R.N. and "was given a splint and a no use of right hand pass" effective November 17, 2011 through November 22, 2011. Id. Plaintiff returned to medical when the pass expired, and Defendant Strodahl issues a new pass to Plaintiff effective November 22, 2011 through November 29, 2011. Id. On November 29, 2011, Plaintiff returned to the medical department and was referred by Defendant Strodahl to Mrs. Blakenship, an "Advanced Nurse Practioner." Id. at 4. That same day, Plaintiff saw Mrs. Blakenship, who stated "that he should have been scheduled to see her from the beginning." Id. "At this point [an] infection had set in" and Mrs. Blakenship prescribed Plaintiff a 10 day supply of

"Doxycycline Hyclate and Sulfameth."  <u>Id.</u>  Mrs. Blakenship also scheduled Plaintiff for an x-ray.  <u>Id.</u>

On December 2, 2011, Plaintiff had x-rays taken and was sent to the "Hand Center of Florida in Charlotte County" where he was told his index finger was broken and would require surgery "immediately," which would need to be scheduled by the Chief Medical Officer at his institution.  <u>Id.</u>  Plaintiff was also provided with a "proper splint" by medical staff there and was told he had been given an "incorrect splint for [his] injury."  <u>Id.</u> at 5.  On December 9, 2011, Plaintiff advised Defendant Tate that he had not been scheduled for surgery and had not been issued "effective pain medication for his pain in his right hand."  <u>Id.</u> Defendant Tate, after consulting with Defendant Cabreo-Muniz, told Plaintiff he was "receiving appropriate medical care for his problem and appropriate medical passes and work assignment restrictions have been granted."  <u>Id.</u>  On December 27, 2011, Plaintiff "brought this matter to the attention of Defendant Tucker."  <u>Id.</u>  Plaintiff claims that, as of the date that he signed his Complaint (January 25, 2012), he still had not been provided with the recommended surgery.  <u>Id.</u>  Defendants point out that, as evidenced by the exhibits previously filed by Plaintiff, Plaintiff underwent surgery for his hand on January 26, 2012.  Tucker Motion

at 2, ¶5 and Cabreo Motion at 2, ¶5 (citing to Doc. #20-2, p.5).[4]
Plaintiff does not dispute Defendants' allegation in his Response.
See generally Response.

As relief, Plaintiff seeks a declaratory judgment declaring
Defendants' acts were unconstitutional; various forms of injunctive
relief, including an order directing Defendants to arrange surgery
for Plaintiff; and monetary damages.  Id. at 7-9.

---

[4]On September 26, 2012, Plaintiff submitted "Exhibits in
Support of V. Statement of Facts."  Doc. #20, Exhibits A-E.  The
Court struck the exhibits as improperly filed and directed
Plaintiff to file an amended complaint if he wished to attach the
exhibits to his Complaint.  See September 28, 2012 Order (Doc.
#22).  In particular, Plaintiff requested that the documents be
considered a part of his earlier filed Complaint and the Court
advised Plaintiff that he would be required to submit an Amended
Complaint as it was not the Court's responsibility to compile
pleadings on behalf of a party.  Plaintiff did not submit an
Amended Complaint. Nonetheless, for the reasons set forth infra,
the Court will consider the exhibits in ruling on the Motions sub
judice.

In support of their factual allegation that Plaintiff was
provided with surgery, Defendants refer the Court to Doc. #20-2 at
5.  The referenced document does not indicate that Plaintiff had
surgery.  Instead, the referenced document is an excerpt from
Plaintiff's "Chronological Record of Health Care" which contains an
entry dated December 18, 2011.  According to the entry, an x-ray
taken on December 2, 2011 revealed a non-displaced comminuted
fracture of Plaintiff's third finger on his right hand.  The entry
further notes that Plaintiff was complaining of pain.  Further, the
entry reflects that the orthopedic surgeon recommended surgery
"ASAP."  Defendant Cabreo-Muniz' response to Plaintiff's January
20, 2012 inmate request states "You had surgery today."  Doc. #20-3
at 5.  The response is stamped as received on January 23, 2012, but
Defendant Cabreo-Muniz signed the response with a date of "January
26, 2012."  Consequently, it appears that the date of Plaintiff's
surgery was January 26, 2012.

**III.**

Here, construing Peacock's Complaint liberally, Peacock alleged a serious medical condition in connection with his fractured finger. <u>See</u> <u>Benson v. Gordon County, Ga.</u>, 479 F. App'x 315, 318 (11th Cir. 2012)(finding compression fracture resulting in back pain constituted objective serious medical condition); <u>Davis v. Ayers</u>, Case No. 2012 WL 7149470, * 5 (M.D. Ga. 2012)(finding fractured jaw qualifies as serious medical need). Plaintiff was examined by Defendant Strodahl on two occasions, who examined and splinted Plaintiff's finger, gave him no-work passes, and, after two weeks, referred him to Ms. Blakenship. On December 2, 2011, Ms. Blakenship ordered an x-ray on Plaintiff's finger and referred him to an outside hand specialist, who determined that Plaintiff's finger required "immediate" surgery. Plaintiff's surgery apparently took place on January 26, 2012.

**A.   Defendants Strodahl and Cabreo-Muniz**

Defendant Strodahl is a nurse at DeSoto Correctional Institution. Complaint at 3. Defendant Strodahl is sued in her individual capacity. <u>Id.</u> at 2. Defendant Cabreo's Motion seeks dismissal of Plaintiff's Eighth Amendment claim against Defendant Strodahl. Cabreo Motion at 10. The Court liberally construes the Complaint as alleging only a pendent state law claim for negligence

against Defendant Strodahl.  Id. at 7.[5]  Defendant Cabreo's Motion does not address Plaintiff's pendent state law negligence claim. Consequently, the Court will not evaluate whether the Complaint adequately states a claim for negligence under Florida law against Defendant Strodahl.

Nonetheless, to the extent that the Complaint alleges an Eighth Amendment claim against Defendant Strodahl, Plaintiff's Eighth Amendment claim fails.  Here the Complaint alleges that Defendant Strodahl examined and splinted Plaintiff's finger, and, after two-weeks, referred Plaintiff to Defendant Blakenship.  While the medical care rendered by Defendant Strodahl may constitute negligence, neither negligence nor gross negligence constitutes deliberate indifference.  Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).  Consequently, only Plaintiff's pendent State law claims for negligence may proceed against Defendant Strodahl.

Defendant Cabreo-Muniz is the Chief Health Officer at DeSoto Correctional Institution.  Id. at 2.  Plaintiff sues Defendant Cabreo-Muniz in his individual capacity.  Id.  According to the Complaint, Plaintiff had an x-ray on December 2, 2010, which revealed a fracture to his figure, and he was seen by an outside specialist who recommended that Plaintiff's finger required

---

[5]Plaintiff's Complaint contains two counts: Count I, entitled "Denial of Adequate Medical Care and Deliberate Indifference to a Serious Medical Condition" against Defendants Tucker, Tate and Cabreo-Muniz, Complaint at 6, and Count II, entitled, "Negligence" against Defendant Strodahl.  Id. at 7.

"immediate" surgery.   Defendant Cabreo-Muniz as the Chief Health
Officer was responsible for scheduling Plaintiff's surgery.   The
Consultant's Report, dated December 2, 2011 (Doc. #20-3 at 3),
contains the following notation:

> Surgery- closed pinning vs ORIF Right middle finger prox.
> phalanx fracture, should be arranged asap.  Weds. 12/7
> (CRMC) or Thurs. 12/8 (MASC) Preferred or Fri. 12/9(MASC)
> or Mon. 12/12-Latest.

Id. (underline in original).   Throughout December and January,
Plaintiff made repeated requests to have the surgery performed on
his finger, advised he was in pain, and requested pain medication.
In response, Defendant Cabreo-Muniz told Plaintiff that he was
receiving "appropriate care" for his medical condition.  On January
26, 2012, Plaintiff underwent surgery for his finger.

The Court finds that the Complaint sufficiently states a claim
for deliberate indifference to Plaintiff's medical condition
stemming from the alleged delay in scheduling Plaintiff's surgery
and alleged failure to provide Plaintiff with pain medication
during this time period against Defendant Cabreo-Muniz.   In
particular, the Complaint alleges that on December 2, 2011, a
specialist determined that Plaintiff's finger required "immediate
surgery."   Surgery was not performed until January 26, 2012,
approximately 55 days later.   The parties will be permitted to
develop the factual basis as to the reason for the delay and
whether the delay caused Plaintiff unnecessary pain or resulted in
further injury to Plaintiff.

-16-

Based upon the foregoing, the Court denies Defendant Cabreo's Motion as to Defendant Cabreo-Muniz and as to Defendant Strodahl. Defendants Cabreo-Muniz and Defendant Strodahl are required to file an answer to Plaintiff's Complaint within twenty-one (21) days.

**B.   Defendants Tucker and Tate**

Defendant Tucker is the Secretary of the Florida Department of Corrections and Defendant Tate is the Warden at DeSoto Correctional Institution.   Complaint at 2.   Plaintiff sues both Defendants in their individual capacities.   Id.

The Court finds that the Complaint fails to state a claim of deliberate indifference to medical care against Defendants Tucker or Tate.   To the extent that Plaintiff predicates liability upon either Defendant due to their supervisory position, "liability under § 1983 may not be based on the doctrine of *respondeat superior*."   Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003)(*en banc*).   Rather, Plaintiff must allege facts that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation."   Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).   The Complaint does not allege that either Defendant Tucker or Defendant Tate were involved in rendering medical care to Plaintiff or were responsible for approving the surgery required by Plaintiff.

-17-

At most, Defendants Tucker and Tate's involvement stem from Plaintiff pursuing and exhausting his administrative remedies and their failure to take some form of corrective action.  However, involvement in the disciplinary action, alone, is insufficient to to attribute liability for a constitutional violation to Defendants Tucker and Tate.  See Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005); Larsen v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007); Brazill v. Cowart, Case No. 2:10-cv-458-FtM-29DNF, 2011 WL 900721 *3 (M.D. Fla. March 14, 2013).  Consequently, the Court will dismiss Plaintiff's Complaint against Defendants Tucker and Tate.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendant Tucker's Motion to Dismiss (Doc. #32) and Defendants Cabrero-Muniz, Strodahl and Tate's Motion to Dismiss (Doc. #41) are **DENIED to the extent** they seek dismissal on the basis that Plaintiff abuse the judicial process.

2.  Defendant Tucker's Motion to Dismiss (Doc. #32) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice as to Defendant Tucker.

3.  Defendants Cabreo-Muniz, Strodahl and Tate's Motion to Dismiss (Doc. #41) is **GRANTED as to Defendant Tate** and Plaintiff's Complaint is dismissed without prejudice as to Defendant Tucker. The Motion is otherwise **DENIED as to Defendants Cabreo-Muniz and Strodahl.**

4.    Defendants Cabreo-Muniz and Strodahl shall file an answer to Plaintiff's Complaint **within twenty-one (21) days** of the date of this Order.

5.    The **Clerk of Court** shall enter judgment accordingly as to Defendants Tucker and Tate.

**DONE AND ORDERED** at Fort Myers, Florida, on this __22nd__ day of May, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-19-