UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. PEACOCK,

              Plaintiff,

v.                              Case No:  2:12-cv-63-FtM-29DNF

NICOLAS O. CABREO-MUNIZ,

              Defendant.

_____/

**OPINION AND ORDER**

This case is before the Court on the following:

> Plaintiff James C. Peacock's ("Plaintiff's")
> Motion for Summary Judgment (Doc. 66, filed
> December 11, 2013);
>
> Defendant Nicolas O. Cabreo-Muniz'
> ("Defendant's") Response in Opposition to
> Plaintiff's Motion for Summary Judgment (Doc.
> 73, filed February 3, 2014);
>
> Defendant Nicolas O. Cabreo-Muniz' Motion for
> Summary Judgment (Doc. 85, filed February 27,
> 2014); and
>
> Plaintiff's Response in Opposition to
> Defendant's Motion for Summary Judgment (Doc.
> 91, filed March 20, 2014).

The claims raised in the instant civil rights action stem from Defendant Cabreo-Muniz' alleged failure to promptly provide Plaintiff with surgery on a fractured finger on his right hand. As discussed below, the Court concludes that Defendant Cabreo-Muniz is entitled to judgment as a matter of law on each of Plaintiff's claims.

I. <u>**Procedural History**</u>

Plaintiff initiated this action by filing a civil rights complaint against Defendants Nicolas Cabreo-Muniz, D. Strodahl, J. Tate, and Kenneth Tucker on February 6, 2012 (Doc. 1).   In the complaint, Plaintiff raised both constitutional claims and pendant state law negligence claims relating to the defendants' allegedly deficient treatment of a broken finger on Plaintiff's right hand. <u>Id.</u>   Defendant Tucker filed a motion to dismiss the case as frivolous on December 10, 2012 (Doc. 32).   The other defendants filed a motion to dismiss on February 1, 2013 (Doc. 41).   This Court entered an order dismissing Defendants Tucker and Tate from the action (Doc. 47).   The Eighth Amendment claims against Defendant Stordahl were also dismissed. <u>Id.</u>  On December 20, 2013, the remaining state law negligence claims against Defendant Stordahl were dismissed with prejudice because of Plaintiff's failure to comply with Florida's pre-suit notice requirements for claims of medical malpractice (Doc. 71).   Defendant Cabre-Muniz is the only remaining defendant in this action.

II. <u>**Complaint**</u>

On November 17, 2011, Plaintiff was injured after falling on a wet floor and sought medical attention (Doc. 1 at 3).   That same day, Plaintiff was seen by a nurse and "was given a splint and a no use of right hand pass" effective November 17, 2011 through November 22, 2011. <u>Id.</u>   Plaintiff returned to medical when the

2

pass expired, and the nurse issued a new pass to Plaintiff effective November 22, 2011 through November 29, 2011. Id.  On November 29, 2011, Plaintiff returned to the medical department and was referred by the nurse to see a nurse practitioner. Id. at 4.  That same day, Plaintiff was examined by the nurse practitioner, who told him "that he should have been scheduled to see her from the beginning." Id.  "At this point [an] infection had set in" and the nurse practitioner prescribed Plaintiff a 10-day supply of "Doxycycline Hyclate and Sulfameth." Id.  The nurse practitioner also scheduled Plaintiff for an x-ray. Id.

On December 2, 2011, Plaintiff had x-rays taken and was sent to the "Hand Center of Florida in Charlotte County" where he was told his index finger was broken and would require surgery "immediately," which needed to be scheduled by the chief medical officer at his institution. Id.  Plaintiff was also provided with a "proper splint" by medical staff at the Hand Center and was informed that he had been given an "incorrect splint for [his] injury." Id. at 5.  On December 9, 2011, Plaintiff advised the warden that he had not yet been scheduled for surgery and had not been issued "effective pain medication for his pain in his right hand." Id.  The warden, after consulting with Defendant Dr. Cabreo-Muniz, told Plaintiff he was "receiving appropriate medical care for his problem and appropriate medical passes and work assignment restrictions have been granted." Id.  Plaintiff claims that, as of

3

the date that he signed his complaint (January 25, 2012), he still had not been provided with the recommended surgery and that he had not been prescribed "effective" pain medication. Id.[1]

Based on the alleged actions of Defendant Cabreo-Miniz, Plaintiff states that he was denied adequate medical care in violation of the Eighth Amendment (Doc. 1 at 7). He asserts that as a result of the inadequate care he received, he has lost much use of his right hand, which has affected his everyday living. Id.

As relief, Plaintiff seeks a declaratory judgment declaring Defendants' acts to be unconstitutional; various forms of injunctive relief, including an order directing Defendants to provide surgery for Plaintiff; and monetary damages (Doc. 1 at 7-9).

## III. Motions for Summary Judgment

Plaintiff filed a motion for summary judgment in which he asserts that he is entitled to relief as a matter of law (Doc. 66). In support of his motion for summary judgment, Plaintiff filed numerous medical records and other documents relating to his medical care (Doc. 65-2 at 2-8; Doc. 65-3 at 2-6; Doc. 65-4 at 2-21; Doc. 65-6 at 2-5; Doc. 65-8 at 2-11); Grievances regarding his medical care (Doc. 65-5 at 2-7); Defendant Cabreo-Muniz' answers to Plaintiff's interrogatories (Doc. 65-7 at 2-8); Defendant

---

[1] It is undisputed that on January 26, 2012, Plaintiff had surgery to repair his broken finger (Doc. 65-7 at 3).

Cabreo-Muniz' amended response to Plaintiff's request for admissions (Doc. 65-7 at 9-13); Defendant Cabreo-Muniz' response to Plaintiff's fourth request for production of documents (Doc. 65-7 at 14-23); Defendant Cabreo-Muniz' request for admissions to Plaintiff (Doc. 65-7 at 24-28); and documents regarding the Florida Department of Corrections' utilization management procedures and the job description of a prison's chief healthcare officer (Doc. 65-9 at 2-20).

In response to Plaintiff's motion for summary judgment, Defendant Cabreo-Muniz filed the Declaration of Administrative Assistant Gerri Carlucci; Declaration of Utilization Management Contract Manager Donna Graham; Plaintiff's Formal Grievance 1112-564-017; Plaintiff's Informal Grievance dated 1/20/2012; Plaintiff's Grievance Appeal 12-16-00443; excerpts from Plaintiff's deposition; Declaration of Department of Corrections Human Resources Analyst Vanessa Rodriguez; documents outlining procedures at Utilization Management; and Declaration of Defendant Cabreo-Muniz (Doc. 73-1 at 1-37).

Defendant Cabreo-Muniz filed a motion for summary judgment on February 27, 2014 in which he asserts that Plaintiff's claims are based solely upon his own opinion and dissatisfaction over his care rather than upon the Eighth Amendment (Doc. 85 at 2). He also asserts that he is entitled to qualified immunity on these claims because the facts in this case do not establish a

constitutional violation. Id. at 21. In support of his motion for summary judgment, Defendant Cabreo-Muniz filed the same documents as he filed in opposition to Plaintiff's motion for summary judgment.  Defendant Cabreo-Muniz also filed Technical Instruction No. 15.09.04, Utilization Management Procedures; Technical Instruction No. 15.02.16, Inmate Medical Passes, and Technical Instruction No. 15.14.92, Prescription Orders (Doc. 85-1 at 1).

In his response to Defendant Cabreo-Muniz' motion for summary judgment, Plaintiff filed the same documents he filed in support of his own motion for summary judgment as well as a Declaration of James Peacock (Doc. 91-2).

## IV.  **Legal Standards**

Summary judgment is appropriate only if it is shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

6

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The movant may meet this burden by presenting evidence that would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some elements of its case on which it bears the ultimate burden of proof.  Celotex, 477 U.S. at 322-324.

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, (1986).

## V.   Analysis

Plaintiff's Eighth Amendment claims against Defendant Cabreo-Muniz appear to be predicated upon three theories: (1) Defendant Cabreo-Muniz' failure to provide Plaintiff with effective pain medication; (2) Defendant Cabreo-Muniz' failure to ensure that Plaintiff received a "no work" pass instead of a "no use of right hand" pass after his injury; and (3) the delay between Plaintiff's injury and his surgery (Doc. 1; Doc. 66).

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a plaintiff's health or safety. Estelle v. Gamble, 429 U.S. 97, 97 (1976). To state a claim of deliberate indifference for the deprivation or denial of medical attention, a prisoner must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendant; and (3) causation between the defendant's indifference and the plaintiff's injury. Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

The Supreme Court has cautioned that not every allegation of inadequate medical treatment states a constitutional violation. Estelle, 429 U.S. at 105, 106. "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 106–07. Only acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need can offend "evolving standards of decency" in violation of the Eighth Amendment. Id.

### a.   The Court will assume that Plaintiff has demonstrated an objectively serious medical need

"[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

for a doctor's attention." <u>Farrow v West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)(internal quotation marks and citation omitted).

Although evidence of recent traumatic injury has generally been sufficient to demonstrate a serious medical need, a broken bone does not *per se* constitute a serious medical need. <u>Compare Webb v. Langly</u>, 267 F. App'x 910 (11th Cir. 2008) (affirming district court's conclusions that substantial delay in providing surgery for fractured nose did not pose a serious medical need) (unpublished) with <u>Brown v. Hughes</u>, 894 F.2d 1533, 1538 (11th Cir. 1990) (defendants did not dispute that broken foot can be a serious and painful injury).  However, Defendant Cabreo-Muniz does not argue that the injury to Plaintiff's finger was not an objectively serious medical need for Eighth Amendment purposes.  Accordingly, for the purposes of this Order, the Court will assume that Plaintiff has demonstrated a sufficiently serious medical condition in connection with his fractured finger.

> **b.   *Plaintiff has not demonstrated that Defendant Cabreo-Muniz was deliberately indifferent to his serious medical need***

To demonstrate subjective deliberate indifference, the prisoner must show that the defendant: (1) knew of the risk of serious harm; (2) disregarded that risk; and (3) acted with more than just mere negligence. <u>Farrow</u>, 320 F.3d at 1245.  In other words, the prisoner must allege that the defendant's response was so inadequate as to constitute an "unnecessary and wanton

infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law[.]" Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations and citations omitted).

### 1. *Pain medication*

In his complaint, Plaintiff asserts that Defendant Cabreo-Muniz had not provided him with "any pain killers." (Doc. 1 at 6). In his motion for summary judgment, Plaintiff modified this claim by asserting that Defendant failed to provide him with "effective" prescription pain medication (Doc. 66 at 4).

The Eleventh Circuit has recognized that prison officials may violate the Eighth Amendment by failing to treat an inmate's pain. See McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999); Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) (reversing grant of summary judgment to prison officials on inmate's claim that delay in providing treatments that "eliminated pain and suffering at least temporarily" constituted deliberate indifference); Aldridge v. Montgomery, 753 F.2d 970, 972-73 (11th Cir. 1985) (reversing directed verdict to officers who failed to provide ice pack and aspirin for pain caused by bleeding cut).

Defendant Cabreo-Muniz argues that Plaintiff cannot demonstrate deliberate indifference on the issue of pain medication because he was given pain medication (Doc. 85 at 14).

10

Defendant Cabreo-Muniz also argues that Plaintiff cannot satisfy the subjective component of a deliberate indifference claim because Plaintiff never advised him that the pain medication he received was not effective. Id.

The evidence filed by both Plaintiff and Defendant Cabreo-Muniz indicates that Plaintiff was given ibuprofen for treatment of his pain (Doc 65-7 at 4). Plaintiff was also given a splint to immobilize his fractured finger and a medical pass exempting him from using his right hand (Doc. 1 at 3-4). Defendant Cabreo-Muniz attests that ibuprofen would be the appropriate pain medication to prescribe to an inmate in an institutional setting to address the pain of a fractured finger (Doc. 85-1 at 4).[2]

Defendant Cabreo-Muniz has presented evidence in his sworn affidavit and other supporting documents that Plaintiff received ibuprofen, a splint, and a work exemption to address his pain. See Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers,

---

[2] Defendant Cabreo-Muniz attests that because of the "large population of inmates with addiction issues and the potential for abuse and/or dealing of narcotics among inmates, there is significant concern concerning dispensing narcotics, which have a high abuse potential." (Doc. 85-1 at 45).

or other materials [.]"). Plaintiff has not presented evidence to refute these assertions. Accordingly, Defendant Cabreo-Muniz is entitled to summary judgment on Plaintiff's claim that he "failed to prescribe plaintiff any pain killer's [sic]." (Doc. 1 at 6). See In re Royal Caribbean Cruises Ltd., 403 F.Supp.2d 1168, 1173 (S.D. Fla. 2005) (granting summary judgment where nonmoving party "failed to put forth any evidence" to refute affidavit submitted by moving party). Likewise, to the extent that Plaintiff's motion for summary judgment is based upon Defendant's failure to provide any treatment for his pain, plaintiff is not entitled to summary judgment on this issue.

Plaintiff also argues that he did not receive "effective" pain medication (Doc. 66 at 4). Plaintiff filed a grievance on December 9, 2011 in which he expressed concern that his no-work pass was expiring and that he was "made to go to work 5 days a week in pain." (Doc. 85-1 at 11). However, the grievance made no reference to ibuprofen and did not ask for "more effective" pain medication. Id. Plaintiff asserts that in response to the grievance he was "called to medical and issued a renewed no use of right hand pass dated 12/12/11 to 3/12/12 with Defendant Cabreo-Muniz' approval signature stamp." (Doc. 66 at 8). In his deposition, Plaintiff admitted that he did not recall informing Defendant Cabreo-Muniz or any other medical provider that the ibuprofen he was given was not working or that he needed narcotic

pain relievers (Doc. 85-1 at 19, 21, 22, 23, 24, 26, 28). At most, Plaintiff has shown that various medical providers were negligent for failing to interpret his grievances as a request for stronger pain medication. Negligence however, even if it rises to the level of medical malpractice, does not constitute deliberate indifference. McElligott, 182 F.3d at 1254; see also Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995) (concluding that the medical provider's "failure to administer stronger medication" to a prisoner who subsequently died was "a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983").

The record reveals no genuine dispute as to any material fact regarding Plaintiff's requests for pain medication, and the evidence could not enable a reasonable jury to conclude that Defendant Cabreo-Muniz subjectively knew of an obvious need for stronger pain medication and disregarded that need by conduct that was more than gross negligence. Accordingly, Plaintiff is not entitled to summary judgment on his claim that Defendant Cabreo-Muniz exhibited deliberate indifference by failing to prescribe a stronger pain medication. For the same reason, Defendant Cabreo-Muniz is entitled to summary judgment on this issue. McElligott, 182 F.3d at 1255 ("since a finding of deliberate indifference requires a finding of the defendant's subjective awareness of the relevant risk, a genuine issue of material fact exists only if the

record contains evidence, albeit circumstantial, of such subjective awareness.")(citing <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1364 (11th Cir. 1999)).

### 2. No work pass

Plaintiff asserts that Defendant Cabreo-Muniz was deliberately indifferent to his serious medical needs because he failed to issue Plaintiff a "no work" pass instead of a "no use of right hand" pass during the period between his injury and his surgery (Doc. 1 at 5). Defendant Cabreo-Muniz attests that he issued the "no use of right hand pass" pursuant to Department of Corrections Technical Instruction No. 15.02.16 which provides that a "no work" pass should be issued "only where the inmate cannot perform any work activity either on the facility grounds or off the correctional facility property." (Doc. 85-1 at 44).[3] Defendant Cabreo-Muniz attests that there was no reason that Plaintiff's fractured finger prevented him from doing any work. <u>Id.</u>   In his deposition, Plaintiff admitted that he was able to ladle food with his left hand during the time period at issue, and that nobody made him use his right hand for work purposes (Doc. 85-1 at 24).

---

[3] Defendant Cabreo-Muniz has attached a copy of Technical Instruction No. 15.02.16 to his motion for summary judgment (Doc. 85-1 at 53-57).   The instruction provides that a "No Work Permitted" pass should issue if "[d]ue to medical condition, the inmate cannot perform any work activity on the facility grounds or off the correctional facility property." <u>Id.</u> at 55.

Defendant has presented evidence showing that Plaintiff was capable of performing some work, so that a "no work" pass would not have been in compliance with department regulations. Plaintiff has not offered any evidence in response. This is not a situation where Plaintiff's request for accommodation was ignored. Rather, Plaintiff was issued a pass exempting him from using his right hand. That Plaintiff may have preferred a no work pass to the pass he received does not show that his injury was not given appropriate medical treatment or that he was subjected to unnecessary pain and suffering. A "difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [cannot] support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)(citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).[4]

As Plaintiff has not come forward with evidence to show that Defendant was deliberately indifferent to his medical needs for failing to issue a "no work" pass instead of a "no use of right hand" pass, summary judgment is granted in Defendant Cabreo-Muniz' favor. Likewise, Plaintiff is not entitled to summary judgment on this issue.

---

[4] In support of his motion for summary judgment, Plaintiff filed the consultation notes of Nurse Practitioner Carolyn L. Hoffman, who recommended that Plaintiff receive surgery on his hand "asap." Hoffman also recommended that Plaintiff be issued a "no use of right hand" pass (Doc. 65-4 at 5).

### 3.   *Delay in scheduling surgery*

Plaintiff asserts that Defendant Cabreo-Muniz acted with deliberate indifference when he did not schedule the recommended surgery on his hand "ASAP" as was written on the order from Nurse Practitioner Hoffman from the Florida Hand Center in Charlotte County (Doc. 66 at 7).

A delay in medical treatment can, depending on the circumstances and length of the delay, constitute deliberate indifference. Hinson v. Edmond, 192 F.3d 1342, 1348 (11th Cir. 1999). Any claim that specific medical procedures have been impermissibly delayed requires an inmate to put verifying medical evidence in the record to establish the detrimental effect of the delay. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994) (not followed as *dicta* in Marsh v. Butler County, Ala., 268 F.3d 1014, 1031 (11th Cir. 2001)("a finding of deliberate indifference necessarily precludes a finding of qualified immunity")).

Plaintiff points to Hoffman's December 2, 2011 consultation report in support of his claim that his surgery was unconstitutionally delayed:

> Surgery – closed pinning vs. ORIF Right middle finger prox. Phalanx fracture, should be arranged asap. Weds 12/7 (CRMC) or Thurs. 12/8 (MASC.) preferred or Fri 12/9 (MASC) or Mon 12/12 – Latest

(Doc. 65-4 at 5) (emphasis in original).  Plaintiff argues that
although Hoffman made the recommendation that Plaintiff be
scheduled for surgery "asap" on December 2, 2011, Defendant Cabreo-
Muniz did not actually request authorization for the surgery from
utilization management until December 8, 2011, after "Plaintiff
brought to the attention of medical staff that Plaintiff have [sic]
not had the 'immediate' surgery recommend by Hand Specialist's
ARNP[.]" (Doc. 66 at 7).

Defendant Cabreo-Muniz attests that he did not become
involved in Plaintiff's medical issue involving his fractured
finger until December 2, 2014 (Doc. 85-1 at 42).  Upon reviewing
an x-ray of the fracture on that date, Defendant referred Plaintiff
to an outside hand specialist for consultation.  Id. at 43.  He
reviewed Hoffman's consultation report on December 8, 2011, the
same day it was presented to him by medical staff.  Id.  That same
day, he completed the necessary paperwork to request utilization
management approval for Plaintiff's surgery.  Id.

Defendant Cabreo-Muniz filed the affidavit of Gerri Carlucci,
an administrative assistant at the Florida Department of
Corrections, who attests that on December 9, 2011, she uploaded to
utilization management the documentation requesting Plaintiff's
surgery that was signed by Defendant Cabreo-Muniz on December 8,
2011 (Doc. 85-1 at 3-4).  She attests that she checked the
utilization management database every other day for updates on

17

requests, and scheduled Plaintiff's surgery on January 11, 2012. Id.

Defendant Cabreo-Muniz filed the affidavit of Donna Graham, a utilization management contract monitor for the Florida Department of Corrections (Doc. 85-1 at 6). Graham attests that utilization management approval must be obtained before outside surgeries can be scheduled unless the condition is designated as an emergency (Doc. 85-1 at 7). Graham attests that even when a consultant recommends a surgery date, as was done in Plaintiff's situation, utilization management approval is required before a surgery may be scheduled. Id.

Plaintiff has not filed any evidence to rebut Defendant Cabreo-Muniz' declaration that he requested utilization management authorization for Plaintiff's surgery on the same day that he became aware that surgery was required. Plaintiff attests that "the Hand Center gave the officers that transported me on 12-2-11 my medical chart, x-rays, and recommendations to be taken to medical department on return to institution." (Doc. 91-2 at 10). Plaintiff argues that Defendant Cabreo-Muniz should have reviewed the medical reports from the Hand Center before 12-8-2011 because as the chief health officer, he had oversight of daily operations of the health services delivery system. Id. However, Plaintiff does not present evidence showing that the consultation records were actually given to Defendant Cabreo-Muniz before December 8,

18

2012 nor does Plaintiff assert that he alerted Defendant Cabreo-Muniz to the records' contents prior to that date.   In fact, the Plaintiff asserts that he wrote a grievance on the issue on December 9, 2011, which was <u>after</u> Defendant Cabreo-Muniz had already requested authorization for Plaintiff's surgery (Doc. 1 at 5).   With no evidence that Defendant Cabreo-Muniz subjectively knew about Hoffman's recommendation for surgery and deliberately disregarded it, his failure to review Plaintiff's chart as soon as Plaintiff would have preferred is at most negligence, which is insufficient to establish deliberate indifference. <u>See</u> <u>Stewart v. Murphy</u>, 174 F.3d 530, 534 (5th Cir. 1999) ("At worst, any failure by [the doctor] to ... read the nurses' notes .... might constitute negligence, not the requisite deliberate indifference."); <u>Williams v. Guzman</u>, 346 F. App'x 102 (7th Cir. 2009) (Defendant doctors not deliberately indifferent for failing to act on nurse's note for medical follow-up because plaintiff could not point to evidence showing that the doctors' disregard of the note reflected the requisite culpable state of mind); <u>Gillespie v. Hogan</u>, 182 F. App'x 103, 105 (3d Cir. 2006) (a physician's failure to review or take a patient's medical history may be negligence, but it is not deliberate indifference).

Defendant Cabreo-Muniz is entitled to summary judgment on Plaintiff's claim that he did not request utilization management approval of Plaintiff's surgery in a timely manner.   Likewise,

summary judgment is denied on Plaintiff's claim that Defendant Cabreo-Muniz was deliberately indifferent for failing to timely request utilization management approval for Plaintiff's surgery.

### 4. Defendant's failure to classify Plaintiff's condition as an emergency

Although Plaintiff has presented no evidence that Defendant Cabreo-Muniz had the authority to bypass utilization management requirements and schedule his surgery prior to getting their approval, he argues that Defendant Cabreo-Muniz was deliberately indifferent to his serious medical needs because he classified Plaintiff's broken finger as "urgent" instead of "emergent." (Doc. 66 at 16). Plaintiff asserts that, had Defendant Cabreo-Muniz classified Plaintiff's broken finger as an emergency, he would have received surgery sooner. Id. at 17.

Defendant Cabreo-Muniz has filed evidence showing that an emergency is defined by utilization management as conditions "which are life or function threatening and/or which may cause the person to deteriorate rapidly." (Doc. 85-1 at 7, 43; Doc. 85-1 at 49 (Technical Instruction No. 15.09.04, Utilization Management Procedures)). Urgent conditions are those that do not require immediate resolutions, "but must be treated within several days to several weeks or the condition will deteriorate and possibly become an emergency condition." (Doc. 85-1 at 43; Doc. 85-1 at 49). Defendant Cabreo-Muniz attests that Plaintiff's broken finger was

not an emergency because it was not life threatening and would not cause him to deteriorate rapidly (Doc. 85-1 at 44).

Plaintiff does not disagree with utilization management's definitions of "urgent" or "emergency." Rather, he argues that Hoffman's recommendation that Plaintiff be scheduled for surgery "asap" mandated that Defendant Cabreo-Muniz classify his broken finger as an emergency and that his failure to recognize such constituted deliberate indifference (Doc. 66 at 16; Doc. 91-2 at 11). Plaintiff has filed Hoffman's consultation notes in support of his motion for summary judgment (Doc. 65-4 at 5). Upon review, the Court notes that Hoffman's consultation notes do not indicate that Plaintiff's condition was "life or function threatening" or would cause Plaintiff to "deteriorate rapidly." Rather, the consultation notes indicate only that Plaintiff's surgery should be arranged "asap." (Doc. 65-4 at 5).

Plaintiff's assertion that his condition necessitated "emergency" classification rather than "urgent" classification is merely a disagreement with Defendant Cabreo-Muniz' professional judgment. Disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle, 429 U.S. at 107. The evidence demonstrates a considered medical decision on Defendant Cabreo-Muniz' part to treat Plaintiff's finger in a particular manner. Such a decision, while

21

possibly incorrect or even negligent, is not deliberate indifference. Plaintiff has alleged, at most, a medical malpractice claim. See Barnes v. Martin City Sheriff's Dep't, 326 F. App'x 533, 535 (11th Cir. 2009) (recognizing that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment); Cain v. Baden, Case 1:10-CV109, 2012 WL 629156, at *5 (M.D. Ga. 2012) (recommending dismissal as frivolous plaintiff's claim that doctors identified his serious medical problem as "light" instead of "serious" and by giving him antibiotics to treat a bone infection rather than surgery, because those allegations essentially constitute negligence or medical malpractice rather than deliberate indifference), report and recommendation adopted by, No. 1:10-CV-109 WLS, 2012 WL 629144 (M.D. Ga. Feb.24, 2012).

Because there is no medical evidence to support Plaintiff's claim that Defendant Cabreo-Muniz was deliberately indifferent when he failed to classify Plaintiff's broken finger as an emergency, Defendant Cabreo-Muniz is entitled to summary judgment on this claim. Likewise, Plaintiff's motion for summary judgment on this issue is denied.

### c. *Summary judgment is granted in favor of Defendant Cabreo-Muniz on Plaintiff's claims for injunctive relief*

In his complaint, Plaintiff seeks orders from the Court enjoining the Department of Corrections from providing legal

representation to Defendant Cabreo-Muniz; ordering Defendant Cabreo-Muniz to immediately arrange surgery, physical therapy, and treatment for Plaintiff's hand; and enjoining Defendant Cabreo-Muniz from "retaliating" against him for filing the instant lawsuit (Doc. 1 at 7-8).[5]

### 1.   Representation

Plaintiff asks this Court to enter an injunction prohibiting the Department of Corrections, the Attorney General, or any other state agency from providing legal assistance to Defendant (Doc. 1 at 8).

Florida Statute § 111.07 authorizes any agency of the state to provide an attorney to defend a civil action against its employees. Id.  As the Supreme Court stated in Allen v. Wright, 468 U.S. 737 (1984), "[w]hen a plaintiff seeks to enjoin the activity of a government agency, even within a unitary court system, his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs.'" Id. at 761 (quoting Rizzo v. Goode, 423 U.S. 362, 378-79 (1976)).

---

[5] Plaintiff appears to have abandoned his requests for injunctive relief in that he has not responded to the discussion of such in Defendant Cabreo-Muniz' motion for summary judgment.  Likewise, in his own motion for summary judgment (Doc. 66) and his response to Defendant Cabreo-Muniz' motion for summary judgment (Doc. 91), Plaintiff seeks only monetary relief.  However, in the absence of an express statement from Plaintiff that he has abandoned his requests for injunctive relief, the Court will briefly address these claims.

Plaintiff's attempt to prevent the Attorney General from representing Defendant Cabre-Muniz is a challenge to an essentially discretionary decision.  <u>Allen</u> recognized that the separation of powers doctrine counsels against finding standing where a plaintiff "seek[s] a restructuring of the apparatus established by the Executive Branch to fulfill its legal duties." 468 U.S. at 761.  Thus, Plaintiff lacks standing to challenge the Attorney General's representation of a state employee.  Defendant Cabreo-Muniz is entitled to judgment as a matter of law on this claim.

### 2.   *Medical Treatment*

Under Article III of the Constitution, federal courts may only hear "cases or controversies."  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 559–60 (1992). "A [claim] is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." <u>Ethredge v. Hail</u>, 996 F.2d 1173, 1175 (11th Cir. 1993).  A claim can still be considered if a court lacks "assurance that there is no reasonable expectation that the alleged violation will recur," or, as it is commonly stated, the situation is "capable of repetition, yet evading review[.]"  <u>DiMaio v. Democratic Nat'l Comm.</u>, 555 F.3d 1343, 1345 (11th Cir. 2009).

Evidence has been presented that Plaintiff received surgery on his right hand on January 26, 2012 and is currently undergoing physical therapy (Doc. 85-1 at 45; Doc. 65-7 at 5).  There is no

reasonable expectation that Plaintiff will be denied surgery on his hand in the future.  Accordingly, Plaintiff's requests that he receive medical treatment for his broken finger are moot.

### 3.   Retaliation

Plaintiff seeks injunctive relief prohibiting Defendant Cabreo-Muniz from retaliating against him for filing this action.[6] Plaintiff must satisfy four prerequisites before a preliminary injunction is warranted: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).  Injunctive relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306

---

[6] Plaintiff speculates that Defendant Cabreo-Muniz will initiate "'set-ups' such as planting shanks or other contraband in Plaintiff's locker, on his locker, on his bunk or anywhere in his living area for which he is held responsible." (Doc. 1 at 8). Plaintiff also speculates that Defendant Cabreo-Muniz may harass his family members, give him unreasonable job assignments, or have him transferred to an institution farther away from home. Id. at 8-9.

(11th Cir. 1998) (internal citations and quotations omitted); see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); see also Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Plaintiff has not alleged any specific act of retaliation on the part of Defendant Cabreo-Muniz.  Plaintiff's subjective belief that correctional officials may retaliate against him for his litigation activities is insufficient to demonstrate a constitutional violation. See Laird v. Tatum, 408 U.S. 1 (1972) (subjective allegations are not an adequate substitute for claims of specific, present harm or threat of a specific, future harm).

Plaintiff likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.  His speculative allegations concerning the conduct of Defendant Cabreo-Muniz is not the type of irreparable harm justifying the issuance of an injunction.  Any problems Plaintiff

may encounter as a result of filing grievances, complaints, and/or lawsuits can be accomplished through the filing of a complaint in federal court. <u>See</u> <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm.").

Finally, with regard to the third and fourth factors, Plaintiff fails to show that the harm to Plaintiff outweighs the harm to the defendant, and the pleadings before the court are devoid of any evidence showing that issuance of an injunction would serve the public interest.

In light of the foregoing, the court finds that Plaintiff has failed to meet the requisite burden for injunctive relief. He has not demonstrated a likelihood of success on the merits. Additionally, Plaintiff has not demonstrated that any threatened injury he faces outweighs the potential harm caused to Defendant Cabreo-Muniz by injunctive relief. Finally, it would not serve the public interest to grant him injunctive relief. Defendant Cabreo-Muniz is granted summary judgment on all of Plaintiff's claims for injunctive relief.

## VI.  <u>Conclusion</u>

Plaintiff has failed to show that there is a genuine issue of material fact regarding whether Defendant Cabreo-Muniz was

deliberately indifferent to his serious medical condition. In addition, Plaintiff has not demonstrated that he is entitled to injunctive relief. Because all claims against Defendant Cabreo-Muniz are dismissed, this Court will not address his argument that he is entitled to qualified immunity.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's motion for summary judgment (Doc. 66) is **DENIED;**

2. Defendant Cabreo-Muniz' motion for summary judgment (Doc. 85) is **GRANTED;**

3. With no remaining defendants or claims, the **Clerk of Court** is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___9th___ day of June, 2014.

_John E Steele_
_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies to: James C. Peacock
Counsel of Record