UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. PEACOCK,

    Plaintiff,

v.                                  Case No: 2:12-cv-63-FtM-29DNF

NICOLAS O. CABREO-MUNIZ,

    Defendant.

_____

**ORDER**

This matter comes before the Court upon Plaintiff's motion for rehearing (Doc. 128, filed October 31, 2014). In the motion, Plaintiff argues that this Court erred when it denied his motion for leave to appeal *in forma pauperis* and assessed a $505.00 appellate filing and docketing fees. Id.  The Court construes the motion as a request for reconsideration made pursuant to Rule 59 of the Federal Rules of Civil Procedure.[1]  For the reasons set forth in this Order, Plaintiff's motion is denied.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted

---

[1] Rule 59(e) provides for motions to alter or amend final judgments and mandates that such motions "must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Because Plaintiff filed this motion within the 28 day window, it is construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  See Mahone v. Ray, 326 F.3d 1176, 1177-78 n.1 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period).

to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted); Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has already determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005) (citing Lamar, 189 F.R.D. at 489).

The Court has reviewed Plaintiff's motion and determines that it is without merit. Plaintiff does not identify new evidence, pointed to a change in controlling law, or shown that

reconsideration is needed to correct clear error or prevent manifest injustice. Rather, Plaintiff appears to believe that, because he filed a prisoner consent form for civil rights appeals, he should be completely excused from paying his $505.00 appellate filing fee (Doc. 128 at ¶ 6).

Pursuant to 28 U.S.C. § 1915(b)(1), "[n]otwithstanding subsection (a), if a prisoner brings a civil action or **files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee**." (emphasis added). Because Plaintiff is a prisoner, under 28 U.S.C. § 1915(b)(1), this Court does not have authority to excuse him from paying his appellate filing fee. Therefore, Plaintiff became obligated to pay the full appellate filing fee *at the time he filed his notice of appeal* (Doc. 116). Plaintiff acknowledged his acceptance of this obligation when he signed the prisoner consent form which states in paragraph one that, regardless of the Court's disposition of his case (including dismissal), Plaintiff is "still obligated to pay the entire $505.00 filing fee." (Doc. 124 at 1). See Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible."); Strickland v. Rankin Cnty. Corr. Facility, 105 F.3d 972, 975 n.2 (5th Cir. 1997) (noting that "the purpose of the [PLRA]

was to make prisoners feel the deterrent effect of filing fee obligations before burdening the court with frivolous appeals").

The Court will not reconsider its Order denying Plaintiff leave to proceed *in forma pauperis* on appeal and assessing $505.00 in appellate filing and docketing fees. Accordingly, Plaintiff's Motion for Rehearing (Doc. 128) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of November, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: lg
Copies: All Parties of Record